UNITED STATES of America, Plaintiff-Appellee,

v.

Tony Lamar MILLICAN, Defendant-Appellant.

No. 28803

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 9, 1970.

Rehearing Denied May 4, 1970.

William E. Davidson, Jr., Rome, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., J. Owen Forrester, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

The appellant, Tony Millican, together with his brother, Danny Millican, was convicted in March 1969 for interstate transportation of forged securities in violation of Title 18, U.S.C. Sec. 2314. The offense occurred in September 1968. Tony Millican only appealed from that conviction. We set it aside in Millican v. United States, 5 Cir. 1969, 414 F.2d 811. Tony was retried in October 1969 for the same offense and convicted. This appeal followed.

■ The sole issue is whether prejudicial error occurred when a government witness referred to the previous trial. We find no error and affirm.

The following colloquy is the basis for claimed error. On redirect examination, a government witness, Mrs. Carter, testified:

"Q  All right, now, let me ask you this: At any time since September 9, 1968, have you seen Mr. *Danny Millican*?

A  Yes, sir. I can't recall the date, but it was near the March trial, he came to my drive-in with a check he wanted cashed. The check was made payable to Mr. *Danny Millican* and was signed by Mr. Lamar Millican. There was a notation on the side it was a refund of court costs, I believe, and it was in the amount of four dollars and some—odd cents. I can't say.

Q  What did you do?

A  Well, I didn't hardly really know what to do, because I wasn't sure he was supposed to be out of jail at that time. Nobody had told me they were on bond or anything." (Emphasis supplied)

On further examination by the government's attorney, the following occurred in the course of Mrs. Carter's testimony:

"Q  To clarify the record, state whether or not you have seen and identified the *defendant* since September the 9th, 1968.

A  During the March, 1969 trial." (Emphasis supplied)

Defendant's counsel objected to the quoted testimony of Mrs. Carter and at the conclusion of Mrs. Carter's testimony, defendant's counsel made a motion for a mistrial on the ground that Mrs. Carter's testimony had informed the jury that the defendant had been previously tried for the same offense. The trial court overruled the motion and failed to give any instruction to the jury to disregard the testimony.

If error was committed it was harmless. On cross-examination, defense counsel sought to impeach Mrs. Carter by contrasting her testimony in the present proceedings with that elicited in the previous trial. While carefully avoiding use of the words "previous trial" or the like, counsel did refer several times to "the last time", "the last time you were here". From these allusions, the jury could and in fact surely did infer that there had been a prior trial. In this setting, we think the specific mention on redirect of a "prior

trial" was without prejudice. Defense counsel may not complain of what became visible through a door deliberately opened by him.

Affirmed.